## STEA v. STEA.

### Civ. A. No. 15445.

United States District Court
District of Columbia Circuit.

March 30, 1949.

Sidney Sherman, of Washington, D. C., for plaintiff.

John A. Kendrick, of Washington, D. C., for defendant.

PINE, District Judge.

On November 17, 1942, this court "awarded a judgment of legal separation from bed and board," in the above case.

On February 19, 1949, plaintiff filed a motion, supported by affidavits, "to enlarge the said judgment for legal separation into a decree of absolute divorce." In her motion, and as grounds therefor, she alleges that she "has been continuously separated from the plaintiff (presumably intending defendant) except for a period of approxi-

mately 2½ months beginning on or about November 3, 1945, and ending about January 15, 1946." A child was born as a result of this cohabitation.

The question presented is whether the provision of the Code for the enlargement of a "final decree of divorce from bed and board" into a "decree of absolute divorce" may be invoked where the separation has been interrupted by a period of cohabitation. Section 16—403, D.C.Code 1940, provides among other things that a decree of "legal separation from the bed and board" may be granted on various grounds, and that where such a decree has been granted and "the separation of the parties has continued for two years since the date of such decree, the same may be enlarged into a decree of absolute divorce from the bond of marriage upon the application of the innocent spouse".

In this case the separation continued for more than two years since the date of the decree, but prior to an application for enlargement the parties resumed marital relations. Thereafter, the marital relationship was again severed, and more than two years elapsed before the filing of the application herein. The continuous "separation of the parties" for more than two years before resumption of marital relations is not available as a basis for the motion, because of the resumption of such relations; and the separation of the parties thereafter is not available as a basis for this motion because it has not "continued for two years *since* the date of such decree". (Italics supplied.)

There is no provision in the statute which permits the application of the doctrine of revival after condonation prior to institution of suit, Holt v. Holt, 64 App.D.C. 280, 77 F.2d 538; and I know of no authority which permits the Court to write in such a provision. It may be, as plaintiff contends, that reconciliations will be deterred if the right to apply for an enlargement of a limited divorce into an absolute divorce is lost upon a failure of an effort at reconciliation; but, as a countervailing consideration, a decision that such right is lost will prevent the spectacle of an award of judgment of absolute divorce to couples previously separated by court decree, who thereafter engage in casual and intermittent cohabitation but whose period of separation in the aggregate amounts to two years. True it is that the factual situation herein does not present such a picture, but the principle sought to be invoked would produce this result.

The motion for enlargement of the decree of limited divorce into one of absolute divorce is accordingly denied, but without prejudice to an independent action by plaintiff for an absolute divorce if she has grounds therefor in accordance with Section 16—405, D.C.Code 1940.